**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KANDIS MOFFITT** | : | **Civil Action No.** |
| **3806 Bensalem Blvd, Unit 28** | : | |
| **Bensalem, PA 19020** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **SCHOOL DISTRICT OF** | : | |
| **PHILADELPHIA** | : | |
| **440 N. Broad Street** | : | |
| **Philadelphia, PA 19130** | : | |
| | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Kandis Moffitt (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against the School District of Philadelphia (hereinafter "Defendant"), for violations of the Americans with Disability Act 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. The Defendant School District of Philadelphia was Plaintiff's employer at all times relevant to the allegations contained herein and is headquartered at the above address.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the

Defendant is located in this judicial district and because all of the acts and/or omissions

giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA, Title VII and the PDA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal

Employment Opportunity Commission ("EEOC") alleging disability, gender and

pregnancy discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2023-00683 and was dual filed with the

Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") on the

aforementioned charge.  Plaintiff received the Right to Sue via electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a

lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to

Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff has been employed by Respondent as a Teacher from in or about 2014 through the present.

21. Throughout her tenure of employment, Plaintiff maintained a stellar work performance record.

22. Beginning in or about August of 2021, Plaintiff began to experience difficulty breathing and severe swelling in her legs, symptoms of Congestive Heart Failure.

23. During said time period, Plaintiff held the position of Third Grade Teacher at Hamilton Disston Elementary School.

24. Due to the location of Plaintiff's classroom, she often had to travel four (4) flights of stairs multiple times during the day.

25. In addition, the antiquated building lacked air conditioning in most areas, making the temperature unbearably hot, especially while wearing a face mask.

26. As a result, Plaintiff's symptoms were exacerbated, and on or about October 15, 2021, after nearly falling down the stairs during the workday, she was forced to commence a medical leave of absence.

27. On or about December 10, 2021, Plaintiff was diagnosed with Congestive Heart Failure and was hospitalized for approximately two (2) weeks.

28. By way of information, said medical condition constitutes a disability as defined by the Americans with Disabilities Act ("ADA") and Pennsylvania Human Relations Act ("PHRA") in that it substantially impairs one or more of Charging Party's major bodily functions, including, but not limited to, the circulatory system.

29. In or about January of 2022, Plaintiff informed Defendant of her disability and submitted documentation from her physician requesting that air conditioning be installed in her classroom upon her return to the workplace as a reasonable accommodation.

30. In response thereto, Defendant attempted to dissuade her from proceeding with the accommodation request by claiming that her physician's request was inadequate, demanding completion of specific forms, and warning her that the process would take a long time.

31. Notwithstanding said discouragement, Plaintiff proceeded with her request, submitting all requisite paperwork.

32. On or about March 23, 2022, Defendant flatly refused to grant her accommodation, allegedly because the school building's infrastructure could not support an air-conditioned classroom.

33. Significantly, it clearly would not have been an undue hardship for Defendant to grant her request as the school building has multiple rooms with air conditioning ("AC").

34. Said refusal was meant purely to harass and retaliate against Plaintiff based on her disability and request for reasonable accommodation.

35. Thereafter, Plaintiff continued to make accommodation proposals to Defendant, suggesting ways to provide an air-conditioned classroom, including, but not limited to, Plaintiff supplying her own AC unit.

36. On or about April 4, 2022, Plaintiff informed Defendant that her physician released her to return to work with accommodations.

37. Said accommodations included the request for an air-conditioned classroom due to her Congestive Heart Failure, as well as a flexible arrival time due to Narcolepsy, a support

person, access to a bathroom, and time off to receive injections for Chronic Anemia once per month.

38. By way of background, Plaintiff also suffers from Chronic Anemia and Narcolepsy, both of which constitute disabilities under the ADA and PHRA in that they substantially impair one or more of Plaintiff's major life activities, including, but not limited to, sleeping.

39. In response, Defendant informed Plaintiff that it would not accommodate her disabilities.

40. On or about May 2, 2022, Defendant demanded that Plaintiff return to work by June 7, 2022 or her employment would be terminated.

41. Again, Plaintiff advised that she was medically able to return to work if Defendant provided accommodations for her disabilities.

42. On or about May 27, 2022, Defendant advised Plaintiff that it would provide her with an air-conditioned classroom by May 31, 2022, but failed to address her other requests.

43. Additionally, Plaintiff subsequently learned that an AC unit was not installed in her classroom nor was it installed in the Fifth Grade classroom she was scheduled to occupy in the 2022-2023 school year.

44. Instead, Defendant installed an AC unit in another classroom located a great distance from the other Fifth Grade classrooms.

45. Said unnecessary relocation of Plaintiff's classroom created difficulties for her in executing her job duties in the next school year and was meant to further harass and retaliate against her.

46. Upon inquiring as to the status of her other accommodation requests, Defendant responded to Plaintiff that it would not be granting them.

47. On or about June 7, 2022, in order to avoid termination while she attempted to receive accommodations, Plaintiff advised Defendant that she intended to return to work.

48. However, for the remaining days of the school year, until June 15, 2022, Plaintiff was forced to be absent due to the Defendant's continued failure to accommodate her disabilities.

49. Based on the foregoing, Plaintiff believes and avers that Defendant failed to accommodate her disabilities, failed to engage in the interactive process, discriminated against her based on her disabilities, and retaliated against her based on her requests for accommodation, in violation of the ADA and the PHRA.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

50. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

51. Plaintiff is disabled under the ADA.

52. Plaintiff has a disability that substantially limit major life activities.

53. Plaintiff was qualified to perform the job.

54. Plaintiff was subject to an adverse employment action.

55. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

56. Defendant did not have a legitimate non-discriminatory reason for the adverse employment action.

57. Defendant did not have a legitimate non-discriminatory reason for its actions against Plaintiff

58. Plaintiff's disabilities motivated Defendant's decisions and actions.

59. The purported reason for Defendant's decisions and actions are pretextual.

60. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

61. The above actions by Defendant constitute a failure to accommodate and a failure to engage in the required interactive process.

62. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

63. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64. Plaintiff is disabled under the PHRA.

65. Plaintiff has a disability that substantially limit major life activities.

66. Plaintiff was qualified to perform the job.

67. Plaintiff was subject to an adverse employment action.

68. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

69. Defendant did not have a legitimate non-discriminatory reason for the adverse employment action.

70. Defendant did not have a legitimate non-discriminatory reason for its actions against Plaintiff

71. Plaintiff's disabilities motivated Defendant's decisions and actions.

72. The purported reason for Defendant's decisions and actions are pretextual.

73. Others similarly situated but outside of Plaintiff's protected class were treated more

favorably.

74. The above actions by Defendant constitute a failure to accommodate and a failure to engage in the required interactive process.

75. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VII – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

76. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

77. Plaintiff engaged in activity protected by ADA when she requested reasonable accommodations.

78. Thereafter, Defendant took adverse employment actions against Plaintiff, as specified above.

79. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VIII – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

80. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

81. Plaintiff engaged in activity protected by the PHRA when she requested reasonable accommodations due to her disabilities.

82. Thereafter, Defendant took adverse employment actions against Plaintiff, including, as

specified herein.

83. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kandis Moffitt, requests that the Court grant her the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, PDA, Title VII, the FMLA and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: January 24, 2024          By:     **_/s/ David M. Koller_**
                                        David M. Koller, Esquire (90119)
                                        Jordan D. Santo, Esquire (320573)
                                        2043 Locust Street, Suite 1B
                                        Philadelphia, PA 19103
                                        215-545-8917
                                        davidk@kollerlawfirm.com
                                        jordans@kollerlawfirm.com
                                        _Counsel for Plaintiff_